# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

James Fritts,                    )     CASE NO. 1:19 CV 1690
                                 )
        Plaintiff,        )     JUDGE PAMELA A. BARKER
                                 )
  v.                            )
                                 )     Memorandum of Opinion and Order
Richland Correctional Institution, *et al.*, )
                                 )
        Defendants.       )

## INTRODUCTION

*Pro se* Plaintiff James Fritts filed this action under 42 U.S.C. § 1983 against the

Richland Correctional Institution ("RICI") and the RICI Medical Department.  In the

Complaint, Plaintiff complains generally about medical treatment at RICI.  He seeks

monetary damages.

## BACKGROUND

Plaintiff states he contracted hepatitis in the early 1990's.  He alleges he has been

reporting pain in his liver area since 2011, first to doctors at the Lorain Correctional

Institution and then to doctors at RICI.  He received an ultrasound in 2011 and was told he

"couldn't be helped."  (Doc. No. 1 at 3).  He alleges he has asked for a colonoscopy and

regular cancer screenings since turning fifty years old due to a family history of cancer.  He

states that he discovered lumps on his penis and feels that his doctors have not adequately

diagnosed them.  He alleges the doctors have ignored his annual physical.  He contends he

has less than twelve months until his release and he believes that is why medical personnel are not giving him proper attention.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most

favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

"The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Baker v. Goodrich*,649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley*, 475 U.S. at 319. Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In this case, Plaintiff fails to establish the subjective element of his claims. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. An official acts with deliberate indifference when "he acts with criminal

recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Erroneous treatment implicates the Constitution only when the health care provider's course of treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002).

Plaintiff's Eighth Amendment claim fails for two reasons. First, he does not identify any individual that has been deliberately indifferent to his care. He instead names the Richland Correctional Institution as a whole, and its entire medical department. That is not sufficient to satisfy the subjective element. Second, the facts alleged do not suggest any medical provider was deliberately indifferent to his serious medical needs. He has hepatitis and still experiences pain from this condition. A health care provider's inability to effect a final cure is not proof of deliberate indifference. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (failure to cure chronic back pain was not evidence of deliberate indifference). Plaintiff also contends he is not receiving regular well patient visits and cancer screenings. The duty to provide a certain level of health care to incarcerated offenders under the Eighth Amendment is a limited one. "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, No. 03–2633, 2004 WL 2203585 (6th Cir. Sept. 15, 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)). Inmates are

not entitled to unlimited healthcare of their choice. *Hudson*, 503 U.S. at 8. Plaintiff has not been diagnosed with cancer. The failure to provide him with preventative healthcare does not violate the Eighth Amendment.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**


*S/Pamela A. Barker*
PAMELA A. BARKER
Date: November 25, 2019                    U. S. DISTRICT JUDGE